Frances Lee KIMBRO, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13959.

Court of Criminal Appeals of Oklahoma.

April 19, 1967.

Rehearing Denied May 10, 1967.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jeff Hartmann, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Frances Lee Kimbro, hereinafter referred to as defendant, was charged, tried and convicted in the Common Pleas Court of Oklahoma County for the crime of "Illegal Possession of a Stimulant." Judgment and sentence was rendered in accordance with the verdict of the jury, assessing her punishment at one year in the county jail and a fine of $500.00. A timely appeal has been perfected to this Court.

At the outset we observe that the evidence presented was ample to support the verdict of the jury; however, we are of the opinion that in the light of the entire record and in view of the fact that the defendant, a former school teacher and mother, had no previous convictions prior to the instant case, the jury's verdict fixing the maximum punishment of one year imprisonment and a fine of $500.00 was a result of the improper questions asked by the prosecutor during the course of the trial. These questions, which were objected to by defense counsel and said objections sustained by the court, occurred in the following instances during the trial. At page 129 of the casemade appears:

"BY MR. COOPER

Q. What is your present husband's name?

A. Frank.

Q. How many felonies has he been convicted of?"

Then at pages 135 and 136 of the casemade appears:

"BY MR. COOPER

Q. Are those similar to the ones they got?

A. Yes sir.

Q. Are you taking medication now?

A. Yes sir.

Q. Aren't these the same type stimulant that dope addicts have?

MR. PITMAN: We are going to object to this—incompetent, irrelevant and immaterial.

THE COURT: Overruled?

Q. (BY MR. COOPER) Aren't they?

A. I don't know.

Q. How long have you been taking these pills? How many years have you been taking them?

A. I have been taking these—I have testified already, since 1951.

Q. You ought to know what kind of reaction narcotic addicts have.

A. These are not narcotics."

Although the court sustained defendant's objections to most of these questions, it is readily apparent that the prosecutor knew, or should have known, the impropriety of asking the defendant questions relating to the criminal record of her husband. The latter questions insinuated that the defendant had knowledge of the withdrawal symptoms of a drug addict and were completely unsupported by the record and could serve no purpose other than to inflame the jury against the defendant.

Under the circumstances here presented, we are of the opinion that justice can best be served by modifying the sentence from a term of one year imprisonment in the county jail and a fine of $500.00, to a term of Thirty (30) days in the county jail and a fine of $500.00, and as so modified, the judgment and sentence should be, and the same is hereby, affirmed.

NIX, P. J., and BRETT, J., concur.